**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DEON GRANGER, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> HILTON WORLDWIDE HOLDINGS, INC.) </br> A Virginia corporation, ) </br> ) </br> Defendant. ) | Case no. 1:21-cv-6784 |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, DEON GRANGER, through his attorneys, The Law Offices of Eugene K. Hollander, and for his Complaint at Law against the Defendant, HILTON WORLDWIDE HOLDINGS, INC., a Virginia corporation, state as follows:

**JURISDICTION**

1. This is a suit in equity authorized and instituted pursuant to 42 U.S.C. § 1981. The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 42 U.S.C. §1981(b), providing for declaratory, injunctive, compensatory, punitive, and other relief against race discrimination and retaliation in employment.

2. Jurisdiction of this Court is based upon federal questions. 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. §1391(B). The Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred here.

## PARTIES

4. DEON GRANGER ("Plaintiff" or "GRANGER") is a citizen of the United States and the State of Illinois and currently resides in Chicago, Illinois.

5. GRANGER was, at all times relevant hereto, employed by HILTON WORLDWIDE HOLDINGS, INC., and was a "person" as defined by 42 U.S.C. § 1981.

6. HILTON WORLDWIDE HOLDINGS, INC. is a Virginian corporation doing business in Cook County, Illinois.

## BACKGROUND FACTS

7. GRANGER began his employment with Defendant on March 11, 2018. His most recent position was Communications Ambassador.

8. GRANGER's race is African American.

9. Throughout GRANGER's employment, he met the legitimate expectations of Defendant.

10. On September 14, 2019, GRANGER arrived late to work and received a three day suspension.

11. After Plaintiff returned to work, Defendant terminated GRANGER's employment on September 18, 2019, for the proferred reason of being late to work.

12. Defendant, however, retained Denise Alberts, a similarly situated female Caucasian Communications Ambassador, who was also late on multiple occasions but not terminated.

13. Defendant's proffered reason for Plaintiff's termination is pretextual.

## COUNT I – 42 U.S.C. § 1981 – DISCRIMINATION BASED ON RACE – WRONGFUL TERMINATION

14. GRANGER reincorporates and realleges Paragraphs 1 through 13 as though more fully set forth herein.

15. GRANGER is a member of a protected class in that his race is African-American.

16. By creating, condoning and perpetuating an environment by which the terms and conditions of employment differ for members of a protected class, the Defendant has intentionally discriminated against the Plaintiff with malice or with reckless indifference to Plaintiff's federally protected rights in violation of 42 U.S.C. § 1981.

17. As a result of the intentional acts complained of herein, Plaintiff GRANGER has suffered and will continue to suffer the loss of wages, benefits, and other compensation that his former position entailed. Plaintiff has also suffered emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

18. Plaintiff demands a trial by jury.

**WHEREFOR**E, Plaintiff DEON GRANGER, respectfully prays that this Honorable Court:

   a. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of 42 U.S.C. § 1981.

   b. Permanently enjoin the Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law.

   c. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in

      violation of applicable law so that they will not discriminate or harass on the basis of race.

d.    Immediately assign Plaintiff to the job that he would now be occupying but for the race-based hostile practices of the Defendant, and adjust the wages, rates, salaries, bonuses and benefits for Plaintiff to those which he would be enjoying but for the race-based hostile practices of the Defendant, or if possible, award Plaintiff front-end pay.

e.    Compensate and make Plaintiff whole for all earnings and wages lost, including pre-judgment interest and other benefits that he would have received but for the race-based hostile practices of the Defendant.

f.    Award Plaintiff compensatory damages;

g.    Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees.

h.    Award Plaintiff punitive damages for the Defendant's willful conduct; and

i.    Grant such other relief as may be just and proper.

**Respectfully Submitted,**

**Plaintiff,**
**DEON GRANGER**

By:    /s/ Eugene K. Hollander
        One of his attorneys

Eugene K. Hollander
Paul W. Ryan
**The Law Offices of Eugene K. Hollander**
230 West Monroe
Suite 1900
Chicago, IL 60606
(312) 425-9100
ehollander@ekhlaw.com
pryan@ekhlaw.com